IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AGNES HOLBROOK, #1027910, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:12-CV-03367-L-BK | |
| § | | |
| UNKNOWN PERSONS AT THE, § | | |
| DESIGNATION AND SENTENCE § | | |
| COMPUTATION CENTER FOR THE § | | |
| FEDERAL BUREAU OF PRISONS, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a former federal prisoner currently incarcerated in Virginia, filed a *pro se* civil rights complaint.[1] For the reasons that follow, it is recommended that the action be summarily dismissed.

**I.  BACKGROUND**

Plaintiff filed suit under the Federal Tort Claims Act (FTCA), 42 U.S.C. § 1983, and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  (Doc. 1 at 1; Doc. 1-1 at 1). The complaint, as supplemented by Plaintiff's *Answers to the Magistrate Judge's Questionnaire,* names the following Defendants: (1) Unknown Persons at the Designation and Sentence Computation Center (DSCC)  for the Federal Bureau of Prisons (FBOP) in Grand Prairie, Texas; (2) U.S. District Court Judge James P. Jones; (3) the Federal Prosecutor's Office in Abingdon,

---

[1] Plaintiff initially filed this action in the United States District Court for the Eastern District of Texas, which in turn transferred it to this Court.  (Doc. 4).

Virginia; and (4) Unknown Persons at the FBOP Administrative Offices.[2] (Doc. 11 at 3). Plaintiff complains that unknown individuals at the DSCC neglected to review 2006 and 2010 amended judgments, which ordered her federal sentence to be served concurrently with her state sentence, and failed to transfer Plaintiff to the Virginia Department of Corrections (Virginia DOC) to begin serving the state sentence. (Doc. 1 at 2-3). According to the Complaint, the Virginia DOC in turn refused to recalculate Plaintiff's jail time credit to include the time served on the concurrent federal sentence. (Doc. 1 at 2). Plaintiff states that she has lost 7.5 years of liberty due to the negligence of the DSCC, Judge Jones, the Federal Prosecutor's Office, and the FBOP Administrative Offices. (Doc. 1-1 at 2; Doc. 11 at 3). She requests compensatory damages in the amount of $7,500,000 from each Defendant and immediate release from state prison. (Doc. 1 at 3; Doc. 1-1 at 8; Doc. 11 at 2).

Procedural History

Plaintiff was convicted on federal and state charges arising from the shooting death of her husband in 2001. *U.S. v. Holbrook*, No. 2:01-CR-10023 (W.D. Virginia 2001). The United States District Court for the Western District of Virginia originally sentenced Plaintiff to consecutive terms of 120 and 90 months' imprisonment on two federal firearms offenses. *Holbrook v. Warden*, No. 7:11-CV-00464, 2011 WL 6090131, at *1 (W.D. Va. Dec. 7, 2011) (summarizing procedural history), *appeal dismissed,* 473 Fed. Appx. 225 (4th Cir. 2012). Plaintiff was then transferred to state custody, where she was sentenced to 7.5 years' imprisonment, to "run consecutive with her Federal sentence," for voluntary manslaughter in Lee

---

[2] The FBOP consists of a Central Office in Washington D.C. and six regional offices. Since there are no FBOP "Administrative Offices," Plaintiff is presumably referring to administrative employees within the FBOP.

County, Virginia. *Id.* Plaintiff was returned to federal custody and began serving her federal sentence. However, she could not accrue time toward the consecutive state sentence until her primary legal custody was returned to the state. *Id.*

Meanwhile, following the reversal of her federal sentences, Plaintiff was re-sentenced to identical terms of imprisonment, with the remaining federal sentence to be served concurrently with her undischarged state sentence. *Id.* at *2. However, Plaintiff remained in federal custody serving only the federal sentence. *Id.* Then, in 2010, Plaintiff's 90-month federal sentence was vacated, leaving only the 120-month sentence to run concurrently with the state sentence. *Id.* Since Plaintiff had already discharged the remaining federal sentence, she was transferred to state custody to begin her state term of imprisonment in May 2010. *Id.*

Later, after exhausting state court remedies, Plaintiff sought federal habeas relief, arguing the VDOC should give her credit towards her 7.5-year state sentence based on the time that she was in federal custody and could, theoretically, have begun serving her state time. *Id.* at *3. The United States District Court for the Western District of Virginia dismissed the petition, finding Petitioner had been "in federal primary custody between August 23, 2001, when the United States Marshal detained her until resolution of her federal charges, and May 4, 2010, when the BOP released her legal custody to state officials." *Id.* at *5. The court of appeals dismissed, denying a certificate of appealability. *Holbrook v. Warden*, 473 Fed. Appx. 225 (4th Cir. 2012).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon

which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, this case should be dismissed as frivolous.

A.   FTCA

The FTCA waives the United States' sovereign immunity from tort suits. *See* 28 U.S.C. § 2674. However, to sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant. *McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir. 1998). Because Plaintiff has not named the United States as the sole defendant in her *Complaint*, any claims under the FTCA necessarily fail and should be dismissed as frivolous.

B.   **42 U.S.C. § 1983**

Section 1983 provides a cause of action against any person who deprives an individual of federally-guaranteed rights under color of state law. *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (U.S. 2012). Because all named Defendants are federal rather than state actors, any section 1983 claim necessarily fails and should be dismissed as frivolous.

C.   *Bivens*

Plaintiff's *Bivens* claims fare no better. Plaintiff sues Judge Jones for remanding her to federal custody, and the Federal Prosecutor's Office for "request[ing] that she be kept in state

custody." (Doc. 11 at 3). However, judges enjoy absolute immunity from suit for damages resulting from the performance of judicial acts within their jurisdiction, *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Moreover, federal prosecutors are immune from suit for actions taken in the performance of their official functions. *O'Neal v. Miss. Bd. of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997). Here, Judge Jones' action during the court proceedings that are the basis of this suit were taken in his capacity and function as a judge. Likewise, because the federal prosecutors acted within the scope of their authority at all times relevant to the claims made the basis of this suit, they are entitled to absolute immunity. Plaintiff's *Bivens* claims against Judge Jones and the Federal Prosecutor's Office should be dismissed accordingly.

Plaintiff's claims against unknown persons at the DSCC and the FBOP Administrative Offices (collectively, the "Unknown Persons") also fail. A *Bivens* action against a federal officer or employee in his official capacity is barred by the doctrine of sovereign immunity. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) (observing that *Bivens* provides a cause of action only against government officers in their individual capacities); *Williamson v. U.S. Dep't of Agriculture,* 815 F.2d 368, 373 (5th Cir. 1987) (the doctrine of sovereign immunity "renders the United States, its departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued.").

Plaintiff does not state in her complaint whether she is suing the Unknown Persons in their official or individual capacities, but even assuming an individual capacity suit, the claims lack any basis in law. Plaintiff's allegations appear to be based solely on the Unknown Persons' negligence. She states that the overdetention was "due to the negligence of the DSCC," and argues that the Unknown Persons "neglected" to place her "in the proper place for concurrent

credit," and that this "mistake" contributed to her overdetention. (Doc. 1-1 at 2; Doc. 11 at 1-3). Negligence, however, is not actionable under *Bivens*. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding negligence is not cognizable under § 1983); *Humphries v. Various Fed. USINS Employees,* 164 F.3d 936, 951 (5th Cir. 1999) ("in order to prevail in any *Bivens* action, [claimants] must both prove a deliberate abuse of governmental power rather than mere negligence, ... and overcome the defense of qualified immunity") (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 447 (1988)).

In addition, insofar as Plaintiff seeks to reassert the claims raised and rejected in the Virginia federal habeas action, *see Holbrook*, 2011 WL 6090131, her claim is duplicative and, thus, frivolous. *See Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir.1993) (*in forma pauperis* complaint is malicious and should be dismissed when it "duplicates allegations of another pending federal lawsuit by the same plaintiff").

**D.     Release from State Prison**

To the extent Plaintiff seeks immediate release from prison, her claims are cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Plaintiff cannot seek release as part of her suit for damages under *Bivens* and the FTCA. Accordingly, Plaintiff's request for release from state prison should be dismissed as frivolous.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). The dismissal of this

case will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[3]

**SIGNED** March 14, 2013.

```
_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
```

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
```

---

[3] Section 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."